STATE OF IOWA, Appellant, v. W. C. GUTHRIE.

**Compounding offenses:** STATUTES. There is no statute authorizing an indictment for compounding any offense other than a felony.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

TUESDAY, FEBRUARY 7, 1911.

THE defendant was charged in the indictment with the crime of compounding an offense. A demurrer to the indictment was sustained, and a judgment entered discharging the defendant. The state appeals. *Affirmed.*

*H. W. Byers*, Attorney-General, and *Charles W. Lyon*, Assistant Attorney-General, for the State.

No appearance for appellee.

SHERWIN, C. J.—The indictment charged that the defendant, for a certain consideration, had agreed to abstain

from prosecuting one F. H. Kitchen for selling intoxicating liquors in violation of law. The demurrer raised the issue of the sufficiency of the indictment, on the ground that it did not charge the said Kitchen was guilty of any offense, and did not charge he was guilty of an offense punishable by imprisonment in the penitentiary. The sole question to be determined in this case is whether a person may be indicted for compounding any offense other than a felony.

Code, section 4889, provides as follows: "If any person, having knowledge of the commission of any offense punishable with imprisonment in the penitentiary for life, take any money or valuable consideration or gratuity, or any promise therefor, upon an agreement or understanding, expressed or implied, to compound or conceal such offense, or not to prosecute the same, or not to give evidence thereof, he shall be imprisoned in the penitentiary not more than six years, or be fined not exceeding one thousand dollars." Section 4890 of the Code provides as follows: "If any person, having knowledge of the commission of any offense punishable by imprisonment in the penitentiary for a limited term of years, is guilty of the offense described in the preceding section, he shall be imprisoned in the county jail not more than one year, and be fined not exceeding four hundred dollars." It will be seen that in both of these sections relating to the compounding of felonies imprisonment in the penitentiary for life, or for a limited term of years, is an essential ingredient of the offense.

But the state contends that section 5301 of the Code makes it a crime to compound a misdemeanor, and insists that the court was in error in sustaining the demurrer. The position of the state cannot be sustained. Sections 4889 and 4890 are the only sections of the Code, so far as we are advised, that make it a crime to compound an offense. They are both found in title 24, chapter 7, under the head of "Offenses Against Public Justice," while sec-

tion 5301 is in title 25, chapter 16, which relates to indictments and procedures thereunder, and said section provides as follows: "A person may be indicted for having, with the knowledge of the commission of a public offense, taken money or property of another, or gratuity, or reward, or engagement or promise therefor upon agreement or understanding, express or implied, to compound or conceal the offense, or to abstain from the prosecution therefor, or withhold any evidence thereof, though the person guilty of the original offense has not been indicted or tried." This section does no more than to provide that a person may be indicted for an offense committed under sections 4889 or 4890, though the original offender has not been indicted or tried. It is similar to the section preceding it (5300), which provides that an accessory after the fact may be indicted, tried, and punished, though the principal be neither tried nor convicted. It relates to the procedure in cases of this kind and to nothing else.

The trial court was, therefore, right in sustaining the demurrer and in discharging the defendant, and its judgment is *affirmed*.